UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS FUSIC, on behalf of himself
and others similarly situated

    Plaintiff,

v.                                       Case No: 2:17-cv-390-FtM-38CM

KING PLASTIC CORPORATION,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Extension of Time (Doc. 16) filed on September 29, 2017. On July 21, 2017 the Court granted Plaintiff's motion to proceed *in forma pauperis* and provided Plaintiff thirty (30) days to prepare and forward completed service documents, along with sufficient copies of the Complaint, to the Clerk for service by the United States Marshal. Doc. 12 at 2. Three days later, Plaintiff provided a copy of the Complaint, Notice of Waiver of Service of Summons and Waiver of Service of Summons to defense counsel. Doc. 16-2. Plaintiff requested that defense counsel respond within three business days and advise if he would accept service on his client's behalf. *Id.* Plaintiff alleges that defense counsel did not timely respond. Doc. 16 at 2. As such, Plaintiff did not have sufficient time to prepare and forward the required documents to the Clerk before the Court's deadline. *Id.* Plaintiff forwarded the required documents to the Clerk for service on September 27, 2017 (Doc. 16-2), and the Court issued the summons on September 29, 2017 (Doc. 15).

According to the Federal Rules of Civil Procedure, the Court may, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. Pro. R. 6(b)(1)(B). The determination of whether neglect is excusable is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partn.*, 507 U.S. 380, 395 (1993).

Here, there is minimal danger of prejudice to the non-moving party as defense counsel was provided a copy of the Complaint on July 24, 2017. *See* Doc. 16-2. The length of the delay is relatively short and the impact on judicial proceedings in this case will be minimal. *See* Doc. 16. Plaintiff delayed his filing to see if he could obtain a waiver of service from Defendant (*See id.* at 2), and it appears to the Court that Plaintiff was acting in good faith. As such, the Court finds that Plaintiff's neglect was excusable and he has shown good cause for the delay. Therefore, the motion is due to be granted.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Extension of Time (Doc. 16) is **GRANTED**.

2. Plaintiff's completed service documents and copies of the Complaint, submitted to the Clerk on September 27, 2017, and the subsequent Summons issued by the Court on September 29, 2017 (Doc. 15) are deemed timely.

**DONE** and **ORDERED** in Fort Myers, Florida on this 6th day of October, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record