UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS FUSIC, on behalf of himself
and others similarly situated

      Plaintiff,

v.                            Case No: 2:17-cv-390-FtM-38CM

KING PLASTIC CORPORATION,

      Defendant.

## ORDER

This matter comes before the Court upon review of the Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice (Doc. 34) filed on March 14, 2018. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim and dismiss the case with prejudice. Doc. 34. For the reasons set forth herein, the Court will deny the parties' request without prejudice.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit,

the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

The Court notes the proposed settlement agreement contains Plaintiffs' general release of claims and no re-employment clause and non-disparagement clauses. Doc. 34-1 ¶¶ 2(a)-(d), 2(f), 5. First, the agreement states that in exchange for the settlement amounts, Plaintiffs:

a) Represent that they have not filed and will not file any other complaints, lawsuits or charge against the Released Parties with any federal, state, county or municipal agency or court (other than the Lawsuit) with regard to any matter covered in this Agreement or arising from his employment with King Plastic.

b) Represent that they have not filed, and do not intend to file, any charge(s) of discrimination against the Released Parties with any federal, state, or local administrative agency and waives and releases any recovery that they might obtain as a result of filing such charge(s). Employees understand that the Released Parties have reasonably relied on the representations in this paragraph in

    agreeing to perform those obligations set forth in paragraph 1 of this Agreement;

    . . .

f) Employees waive, release, and forever discharge the Released Parties of and from any and all claims, demands, damages, lawsuits, obligations, promises, actions, charges, rights, and causes of action, both known and unknown, in law or in equity, of any kind whatsoever particularly, without limiting the generality of the foregoing, all matters relating to or arising out of his employment with the Company; compensation, wages or benefits by the Company; job assignments at the Company; terms and conditions of employment at the Company; treatment by any management and co-employees at the Company; and their departure from the Company. The claims, rights, and causes of action covered by this Waiver and Release include, but are expressly not limited to, any claim, right, or cause of action based on any federal, state or local law, constitution, executive order, statute or ordinance, including but not limited to, the Florida Minimum Wage Act, as amended; the Florida Constitution, as amended; the National Labor Relations Act of 1935, as amended; the Labor Management Relations Act of 1947, as amended, 29 U.S.C. §§141-187; Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Civil Rights Act of 1866 and 1871; the Equal Pay Act of 1963, as amended; the Fair Labor Standards Act of 1938, as amended; the Family Medical Leave Act of 1993; Employee Polygraph Protection Act of 1988; the Worker Adjustment and Retraining Notification Act; the Consolidated Omnibus Budget Reconciliation Act of 1985, as amended; the Rehabilitation Act of 1973, as amended; the Americans With Disabilities Act of 1990, as amended; the Employee Retirement Income Security Act of 1974, as amended; the Occupational Safety and Health Act of 1970, as amended; the Fair Credit Reporting Act; the Uniformed Services Employment and Reemployment Rights Act; the Veteran's Benefits Improvement Act of 2004; Article X §24 of the Florida Constitution; the Florida Qui Tam Act, Fla. Stat. §§68.082 et. seq.; Executive Order Nos. 11246 and 11478; the Florida Human Rights Act of 1977, §§760.01, et seq., Fla. Stat.; the Florida Civil Rights Act of 1992, as amended; §440.205 Fla. Stat.; §§448.101-448.105 Fla. Stat.; §448.01, §448.07, §448.08 , §448.09, §448.110, §760.50 and §768.72 Fla. Stat.; Chapter 772; Fla. Stat. Chapter 687; Fla. Stat. Chapter 934; any amendments to the foregoing, and any other claim, right, or cause of

> action founded in tort (including negligence), personal injury, contract (whether oral, written or implied), public policy, estoppel, specific performance, recall from layoffs, reinstatement, unpaid wages, unpaid overtime, unpaid benefits, unpaid compensation, severance pay, vacation pay, sick pay, violation of covenant of good faith and fair dealing, misrepresentation, defamation, libel, slander, damage to reputation, invasion of privacy, fraud, intentional or negligent infliction of emotional distress, interference with prospective employment, interference with contractual relations, assault, battery, any action based on retaliation, any action based on whistle blower activity, or any other common law or equitable basis of action, which Employees had, now have, or may claim to have against the Released Parties, or which Employees hereafter shall or may have for any reason against the Released Parties through the date they sign this Agreement. The Company expressly denies the existence of any such claims.

Doc. 34-1 ¶¶ 2(a)-(b), (f).

In an FLSA case, an employer may not use a FLSA claim to obtain a pervasive release of claims not related to the FLSA, such as a release of claims "known and unknown," "past, present, and future," or "statutory or common law." *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precluded evaluation of the compromise because of the pervasive and unbounded scope of the release). The court in *Moreno* explained that "[t]he release of an unknown claim unrelated to the claims asserted in the complaint frustrates an assessment [of] the fairness of the benefit provided to the [plaintiffs.]" *Id.* at 1352 n.6 (M.D. Fla. 2010). The court further held that "a pervasive release in an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Id.* at 1352.

Furthermore, the agreement contains two non-disparagement clauses restricting Plaintiffs' speech regarding Defendant. Doc. 34-1 ¶¶ 2(d), 5. The

agreement states Plaintiffs "[a]gree to refrain from expressing to any person or organization (including but not limited to, present and former: King Plastic employees, directors, customers, contractors, suppliers or clients of the Company, other members of the public or any other individual or entity), any statements or opinions concerning whether or not the Company has violated the law in any way and/or whether the Company was legally required to pay them any monies." *Id.* ¶ 2(d). The agreement further provides Plaintiffs "agree not to defame, disparage or demean the Company, its owners, officers, directors or its employees in any manner whatsoever, to include but not limited to speech, writings, emails, postings to social media, blogs and websites." *Id.* ¶ 5. "Provisions in a FLSA settlement agreement that call for keeping the terms of the settlement confidential or prohibiting disparaging remarks contravene FLSA policy and attempt to limit an individual's rights under the First Amendment." *Housen v. Econosweep & Maint. Servs., Inc.*, No. 3:12-CV-461-J-15TEM, 2013 WL 2455958, at *2 (M.D. Fla. June 6, 2013).

This Court as well as other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation that is separate and apart from the benefits to which plaintiff is entitled under the FLSA. *Davis v. JP Sports Collectibles Inc.*, No. 2:16-cv-154-FtM-CM, 2016 WL 7474571, at *2 (M.D. Fla. Dec. 29, 2016) (approving the settlement agreement with mutual general releases because the plaintiffs received independent consideration for their individual general releases); *Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014); *Buntin v. Square Foot Management*

*Company, LLC*, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015); *Raynon v. RHA/Fern Park MR., Inc.*, 6:14–cv–1112–Orl–37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014).

In *Weldon*, the court approved a settlement agreement that contained a general release and non-disparagement agreement because they were supported by independent consideration, in addition to the sum the plaintiff would receive from the FLSA settlement. *Weldon*, 2014 WL 4385593, at *4. In *Buntin*, the court approved a settlement agreement that contained a general release because it was supported by independent consideration apart from that owed to him under the FLSA, specifically a mutual general release and a specific neutral reference by defendant. *Buntin*, 2015 WL 3407866, at *3.

Here, the parties do not make clear whether Defendant will provide any independent consideration for Plaintiffs' general release of claims or the non-disparagement clause. Docs. 34, 34-1. Thus, the Court cannot determine whether the agreement is fair and reasonable. The parties must amend the settlement agreement either to correct the offending provisions or to provide further information regarding any independent consideration Plaintiffs receive in return for their general release of all claims and the non-disparagement clause.

The settlement agreement also contains a no re-employment clause. Doc. 34-1 ¶ 2(c). A waiver of future employment does not render the settlement agreement unfair, if an employee does not desire reemployment, and an employer's financial viability is questionable. *Owens v. SSRMI, LLC*, No. 5:16-cv-15-Oc-PGB-PRL, 2017

WL 2190646, at *3 (M.D. Fla. Apr. 28, 2017). One court in this district also has approved a waiver of future employment when an employer provided independent consideration in exchange for the waiver. *See Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013). In contrast, the parties here do not provide any explanation why Plaintiffs' waiver of future employer does not render their agreement unfair. Accordingly, the Court will direct the parties to remove the offending provision or explain why this provision does not render their agreement unfair.

ACCORDINGLY, it is hereby

### ORDERED:

The Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice (Doc. 34) is **DENIED without prejudice**. The parties shall have up to and including **March 26, 2018** to file a revised settlement agreement subject to the instructions set forth in this Order.

**DONE** and **ORDERED** in Fort Myers, Florida on this 19th day of March, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record