UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS FUSIC, on behalf of himself
and others similarly situated

       Plaintiff,

v.                                             Case No: 2:17-cv-390-FtM-38CM

KING PLASTIC CORPORATION,

       Defendant.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the Amended Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice (Doc. 37)[2] filed on March 26, 2018. The parties request that the Court approve their settlement of the Fair Labor Standards Act ("FLSA") claims and dismiss the case

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

[2] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

with prejudice. Doc. 37. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED** and Plaintiffs' claims be dismissed with prejudice.

To approve the settlement, the Court must determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court to review and determine that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit provides

> some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354. "Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. . . . If the parties are represented by competent counsel in an adversary context, the settlement

they reach will, almost by definition, be reasonable." *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009). Nevertheless, the Court must scrutinize the settlement to determine whether it is a "fair and reasonable resolution of a bona fide dispute." *Lynn's Food Store*, 679 F.2d at 1355.

Plaintiff Thomas Fusic on behalf of himself and others similarly situated filed an Amended Complaint and Demand for Jury Trial, seeking recovery of overtime compensation under the FLSA against Defendant King Plastic Corporation. Doc. 9. Defendant is a Florida corporation engaged in business in Charlotte County, Florida. *Id.* ¶ 4. Defendant employed Plaintiff as a non-exempt manufacturing worker on an hourly wage basis from October 2017 to April 2018. *Id.* ¶¶ 16, 18. Plaintiff claims that during the term of his employment, he was not paid any overtime premium for all hours worked in excess of forty (40) hours within a workweek. *Id.* ¶¶ 18-20. Plaintiff also alleges Defendant failed to maintain proper time records. *Id.* ¶ 20(d). On September 21, 2017, Pamela Schleicher joined this action as an opt-in plaintiff. Doc. 14.

On March 14, 2018, the parties moved for the Court to approve their initial settlement agreement. Doc. 34. The Court denied without prejudice their motion because the proposed settlement agreement contained Plaintiffs' general release of claims and no re-employment and non-disparagement clauses. Doc. 36 at 2. The Court directed the parties to move the offending provisions or provide further information on how these clauses do not render the agreement unfair. *Id.* at 6-7. In response, Defendant have agreed to provide $100.00 to each Plaintiff in

consideration for their general release, non-disparagement clause and waiver of future employment. Docs. 37 at 2, 6-7. The Court recommends Plaintiffs' general release, non-disparagement clause and waiver of future employment no longer render the agreement unfair and unreasonable because Plaintiffs are receiving independent consideration separate from their settlement sums. Doc. 37 at 6-7; *Caamal v. Shelter Mortg. Co., L.L.C.*, No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (holding the general release of claims, non-disparagement agreement and waiver of future employment did not render the agreement unfair because the plaintiff received separate consideration beyond the settlement amount).

In the proposed settlement agreement, Defendant agrees to pay each Plaintiff a settlement amount totaling $800.00 in consideration for Plaintiffs' underlying claims for unpaid wages and liquidated damages. Doc. 37 at 6-7. The parties represent they decided to amicably resolve their dispute so that they can avoid the risks and costs associated with further litigation. *Id.* at 3. The parties further state they have been represented by experienced counsel throughout the entirety of the proceedings. *Id.* Given the settlement terms, the parties state their agreement is fair and reasonable. *Id.*

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the monetary terms of the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length

of continued litigation. *See e.g.*, *Diaz v. Mattress One, Inc.*, No. 6:10-CV-1302-ORL-22, 2011 WL 3167248, at *2 (M.D. Fla. July 15, 2011), report and recommendation adopted, 2011 WL 3166211 (M.D. Fla. July 27, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14-cv-63-Orl-28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014); *Helms v. Ctr. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006).

> Furthermore, the agreement states:
>
> *the appropriate and exclusive venue for enforcing this Agreement* or for resolving any dispute arising out of this Agreement shall be the state courts sitting in Sarasota County, Florida and *federal courts sitting in Ft. Myers, Florida*. All of the parties hereto (i) irrevocably submit to the *jurisdiction* of any state court sitting in Sarasota County, Florida, or *federal court sitting in Ft. Myers, Florida*, for the purposes of any suit, action or other proceeding arising out of or relating to this Agreement and (ii) *waive and agree not to assert in any such proceeding a claim that such party is not personally subject to the jurisdiction of the courts referred to above, or that suit or action was brought in an inconvenient forum.*

Doc. 37 at 9 (emphasis added). To the extent that the parties intend for the Court to retain jurisdiction to enforce the terms of the Settlement Agreement, the Court generally is not inclined to retain jurisdiction absent an articulation of independent jurisdiction or compelling circumstances. *See, e.g.*, *King v. Wells Fargo Home Mortgage*, No. 2:08-cv-307-FtM-29SPC, 2009 WL 2370640, at *1 (M.D. Fla. July 30, 2009). Here, the parties do not present compelling circumstances for the Court to retain jurisdiction over this case. *See generally* Doc. 37. Thus, the Court recommends not retaining any jurisdiction over enforcement of the settlement.

The Court notes the agreement also contains a mutual waiver of a jury trial. Doc. 37 at 9. "[A] suit for lost wages under the [FLSA] carries a seventh amendment jury right." *Mitchell v. Consolidated Freightways Corp. of Del.*, 747 F. Supp. 1446, 1450 n.4 (M.D. Fla. 1990). Courts in this district have stricken a plaintiff's waiver of a jury trial, if the plaintiff receives nothing in return for the waiver. *Raynon v. RHA/Fern Park Mr., Inc.*, No. 6:14-cv-1112-Orl-37TBS, 2014 WL 5454395, at *3 (M.D. Fla. Oct. 27, 2014); *Mariani-Rios v. Melao Bakery LLC,* No. 6:16-cv-2101-Orl-41GJK, 2017 WL 2644379, at *4 (M.D. Fla. June 7, 2017). Here, Defendant agrees to waive a jury trial in exchange for Plaintiffs' waiver of a jury trial. Doc. 37 at 9. Because the parties have entered into this agreement after fully being advised by experienced counsel and represent the terms are fair and reasonable, the Court recommends Defendant's reciprocal waiver of a jury trial constitutes sufficient independent consideration for Plaintiffs' waiver of a jury trial. *Id.*; see *Lowery v. Auto Club Grp., Inc.*, No. 6:17-cv-359-Orl-40GJK, 2017 WL 3336464, at *4 (M.D. Fla. Aug. 3, 2017) (approving the plaintiff's waiver of a jury trial because the plaintiff received separate consideration for the waiver).

Lastly, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti,* 715 F. Supp. 2d at 1228,

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is

for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the costs were agreed upon separately and without regard to the amount paid to Plaintiffs. Doc. 37 at 3. Defendant agrees to pay Plaintiffs' attorney's fees and costs in the amount of $8,400.00. Doc. 37 at 7. Under these circumstances, the Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

RECOMMENDED:

1. The Amended Joint Motion to Approve Settlement Agreement and to Dismiss Action with Prejudice (Doc. 37) be **GRANTED**;

2. The Court not retain any jurisdiction over enforcement of the settlement; and

3. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiffs.

**DONE** and **ENTERED** in Fort Myers, Florida on this 3rd day of April, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record